IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER JEFFERSON, # B-31401,   )
                               )
          Plaintiff,           )
                               )
                               )
vs.                            )   Case No. 3:11-cv-489-MJR
                               )
DR. FENOGLIO, WARDEN           )
RYKER, PAMELA MORAN, and       )
DIETARY MANAGER DENSMORE,      )
                               )
          Defendants.          )
                               )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Walter Jefferson, an inmate in Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon

1

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that, while he was incarcerated at Lawrence, Defendants Fenoglio, Ryker, Moran and Densmore conspired to deny him medical care. On an unknown date, Plaintiff requested a thyroid blood test from Defendant Fenoglio (the prison doctor), who refused to administer the test (Doc. 1, p. 5). Plaintiff complained that the "soy diet in place make[s] him extremely sick," citing "classic symptoms of Hypothyroidism: brainfog, memory loss, low body temperature, cold all the time" (Doc.

1-1, p. 1).  After the test was refused, Plaintiff further complained to nurses who "told [him] to drink more water" (Doc. 1, p. 5).

Eventually, on June 30, 2010, Plaintiff filed a grievance stating that he wanted a soy-free diet and "the correct medical care to address [his] thyroid medical problems" (Doc. 1-1, p. 1).  On August 17, 2010, Defendant Moran (the grievance officer) reviewed Plaintiff's grievance and recommended that it be denied (Doc. 1-1, p. 3).  Defendant Warden Ryker reviewed and signed Defendant Moran's recommendation the next day (Doc. 1-1, p. 3).  Defendant Moran also stated in her recommendation that Plaintiff could ask to see the doctor "at any time" and that "the doctor will determine [any] need for tests and/or special diet" (Doc. 1-1, p. 3).  On September 29, 2010, Plaintiff's grievance was ruled to have no merit by the Administrative Review Board of the Illinois Department of Corrections (Doc. 1-1, p. 4).

Plaintiff has requested compensatory damages of $1 million for the "damage to [his] body from consuming the soy diet" (Doc. 1, p. 6).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Deliberate Indifference to Medical Needs**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant

injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

### A. Thyroid Blood Test

The Seventh Circuit has found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976))).

Defendant Fenoglio's failure to order a thyroid blood test may constitute a claim for deliberate indifference to a medical need under the Eighth Amendment. Plaintiff alleges that he presented Defendant Fenoglio with the following symptoms: memory loss, low body temperature, and "brainfog," but that Defendant Fenoglio failed to treat or attempt to diagnose what Plaintiff believes could be evidence of a serious thyroid or other medical condition. To determine whether or not Defendant Fenoglio was

deliberately indifferent, the Court must apply the two-part test laid out in *Sherrod*. *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

First, the Court must determine whether the symptoms alleged in the complaint by Plaintiff constitute an objectively serious medical need. Memory loss and change in body temperature could plausibly constitute "medical condition[s] that significantly affect an individual's daily activities." *See Gutierrez*, 111 F.3d at 1373. Additionally, the symptoms described by Plaintiff could suggest the presence of a serious thyroid problem. Second, Defendant Fenoglio must be found to have knowledge of a substantial risk of serious harm. *See Farmer,* 511 U.S. at 842. This is a question that cannot be answered at the threshold stage of the litigation; however, Plaintiff has pleaded sufficient facts from which Defendant Fenoglio's subjective knowledge of a serious risk could be inferred. *See id.* Therefore, the claim that Defendant Fenoglio was deliberately indifferent to Plaintiff's medical need in failing to order a thyroid blood test shall receive further review.

**B. Soy-Free Diet**

Plaintiff has not pleaded sufficient facts to suggest that Defendant Fenoglio's refusal to prescribe a soy-free diet constitutes an Eighth Amendment violation. Specifically, Plaintiff does not provide any facts or allegations that would suggest he suffered from a serious medical need as a result of eating foods containing soy. Plaintiff claims that his consumption of soy is directly linked with his memory loss, etc. This link is simply too attenuated (in the absence of any evidence) to suggest that Defendant Fenoglio should have been aware that serious harm might result if Plaintiff continued to ingest soy. Therefore, Plaintiff has failed to state sufficient facts to support a claim that

Defendant Fenoglio was deliberately indifferent to Plaintiff's medical needs by refusing to prescribe a soy-free diet; therefore, this claim shall be dismissed, without prejudice. Although Plaintiff's claim regarding soy is dismissed as an independent claim, the Court recognizes that evidence of regarding soy may be tangentially relevant to Plaintiff's claim against Dr. Fenoglio for failing to give Plaintiff a blood test.

**Count 2 - Conspiracy**

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). However, conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

Plaintiff alleges that Defendants Ryker, Moran and Densmore conspired to deny Plaintiff a soy-free diet. However, Defendant Fenoglio's refusal to prescribe a soy-free diet does not violate the Eighth Amendment. Further, even if the denial of a soy-free diet were to amount to a cognizable claim under the Eighth Amendment, Plaintiff has not stated any facts that would suggest Defendants Ryker, Moran and Densmore were involved in a conspiracy. Plaintiff alleges only that Defendant Moran recommended the

denial of his grievance, and that Defendant Ryker made the final decision denying the grievance.

The denial of a grievance does not, by itself, warrant a claim of conspiracy. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, Plaintiff does not allege that Defendant Densmore was involved at all in the grievance process or Defendant Fenoglio's decision-making. Therefore, this claim and Defendants Ryker, Moran and Densmore shall be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1B** fails to state a claim upon which relief may be granted and is **DISMISSED,** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** fails to state a claim upon which relief may be granted and is **DISMISSED,** with prejudice. Defendants **RYKER**, **MORAN**, and **DENSMORE** are **DISMISSED** from this action, with prejudice.

**IT IS FURTHER ORDERED** that, as to the claim in **COUNT 1A,** the Clerk of Court shall prepare for Defendant **FENOGLIO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by

Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate**

**Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/26/2012**

s/ MICHAEL J. REAGAN
United States District Judge